## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO


EARL R. MAYFIELD,

       Petitioner,

vs.                                          No. CV 17-00193 JCH/KRS

TOM RUIZ,

       Respondent.


### MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court under 28 U.S.C. §§ 1915 and 2254 and under Rule 4 of the Rules Governing Section 2254 Proceedings on the Petition for Writ of Habeas Corpus filed by Earl R. Mayfield on February 6, 2017 (Doc. 1) ("Petition"). Mayfield has also filed multiple letters, and motions for immediate release, injunctive relief, and to amend the Petition. The Court will dismiss Mayfield's Petition without prejudice for failure to exhaust his state court remedies and will deny all of his pending motions as moot in light of dismissal of the Petition.

### FACTUAL AND PROCEDURAL BACKGROUND

The Court has reviewed Mayfield's voluminous filings and has taken judicial notice of the official SOPA online record in *State v. Mayfield,* Second Judicial District Court, County of Bernalillo, State of New Mexico cause No. D-202-CR-2012-02229. *See Hall v. Pratt*, 97 F. App'x 246, 247 (10th Cir. 2004) (the federal courts may take judicial notice of the official state court record). While it is often difficult to follow Mayfield's rambling filings, a review of the record shows the following facts:

Petitioner Mayfield was indicted by a Grand Jury on May 8, 2012 in cause No. D-202-CR-2012-02229. He was indicted on charges of Trafficking Controlled Substances by Manufacturing, Tampering with Evidence, and Resisting Evading or Obstructing an Officer. (Doc. 1, 1-1). He was convicted by a jury and sentenced to 19 years of incarceration on February 1, 2017.[1]

Mayfield filed his habeas corpus Petition in this Court on February 6, 2017. (Doc. 1). He then filed a Notice of Appeal on February 28, 2017, appealing his conviction in D-202-CR-2012-02229 to the New Mexico Court of Appeals. (Doc. 1 at 8-9, Doc. 30 at 6-9). Last, he filed a habeas corpus petition in his state-court criminal case on May 11, 2017. That habeas corpus petition was denied by the state district court on May 11, 2017 based on his pending direct appeal in D-202-CR-2012-02229. (Record in D-202-CR-2012-02229.

Since the filing of his original Petition, Mayfield has filed five motions to amend (Doc. 6, 9, 25, 28, 30). The Court has also received multiple motions for immediate release and motions for injunctive relief. (Doc. 11, 16, 22, 24). Last, Mayfield has sent the Court numerous letters containing allegations and argument. (Doc. 5, 10, 12, 13, 15, 19, 20, 21).

## EXHAUSTION OF STATE COURT REMEDIES

The issue of exhaustion of state court remedies is a threshold question that must be addressed in every habeas case under 28 U.S.C. § 2254. By statute, federal habeas relief is not available to a state prisoner "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights

---

[1] Mr. Mayfield has multiple prior New Mexico state court convictions in addition to the conviction in D-202-CR-2012-02229. *See*, *e.g*., D-202-CR-2006-04577, D-202-CR-2005-01584, D-202-CR-2006-02985, D-202-CR-2006-03152, D-202-CR-2006-02033

of the prisoner." 28 U.S.C. § 2254(b).  Under § 2254(b), a prisoner in state custody must exhaust his available state court remedies before he may proceed with a habeas corpus petition in this Court. For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be "fairly presented to the state courts" in order to give state courts the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Prendergast v. Clements,* 699 F.3d 1182, 1184 (10th Cir. 2012)(quoting *Picard v. Connor,* 404 U.S. 270, 275 (1971)).

The exhaustion doctrine began as a judicially crafted instrument and was then codified in 1948.  The doctrine reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a "swift and imperative remedy in all cases of illegal restraint or confinement."  *Braden v. 30th Judicial Cir. Ct. of Ky.,* 410 U.S. 484, 490 (1973) (quoting *Secretary of State for Home Affairs v. O'Brien,* [1923] A.C. 603, 609 (H.L.)). While the exhaustion doctrine advances several interests, it is principally designed to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings. *Rose v. Lundy,* 455 U.S. 509, 518 (1982); *see also Deters v. Collins,* 985 F.2d 789, 794 (5th Cir.1993). Federal courts apply the exhaustion doctrine as a matter of comity.  The federal court should defer action on causes properly within its jurisdiction until the courts of the forum state with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter. *Rose*, 455 U.S. at 518.

Because exhaustion is based on principles of comity, it is not jurisdictional. *Patterson v. Leeke,* 556 F.2d 1168, 1170 (4th Cir. 1977). There is a strong presumption in favor of requiring a state prisoner to pursue his available state remedies, but his failure to do so is not an absolute bar to appellate consideration of his claims." *Granberry v. Greer,* 481 U.S. 129, 131(1987). Where

state procedural obstacles preclude an effective state remedy against unconstitutional convictions, federal courts may grant relief in the collateral proceeding without requiring exhaustion. *Bartone v. United States,* 375 U.S. 52, 54 (1963). *See also Harris v. Champion*, 15 F.3d 1538, 1554–55 (10th Cir. 1994); *Hankins v. Fulcomer,* 941 F.2d 246, 250 (3d Cir.1991).

However, the general rule under 28 U.S.C. § 2254(b)(1) is that habeas corpus relief may not be granted unless the applicant has exhausted the remedies available in the state courts. The exhaustion requirement is satisfied only if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack. *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994). Federal courts are not to grant a writ of habeas corpus unless the prisoner has given the state courts a full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. *Tanguma v. Golder*, 177 F. App'x 829, 830 (10th Cir. 2006). Before seeking a federal court remedy, then, a state prisoner must exhaust his remedies in state court, demonstrate that there is an absence of available state remedies, or show that circumstances exist that render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). A habeas petitioner bears the burden of demonstrating that he has exhausted his available state remedies. *McCormick v. Kline,* 572 F.3d 841, 851 (10th Cir. 2009).

## MAYFIELD HAS NOT EXHAUSTED HIS STATE COURT REMEDIES

Under Rule 4 of the Rules Governing Section 2254 Proceedings, the Court has an obligation to review habeas petitions and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this rule, the Court may dismiss a petition based on a failure to exhaust state court remedies if it is

clear from the face of the petition and the record. Where it is clear from the face of the petition

and the record that the prisoner has not satisfied the exhaustion requirement, the petition should

be dismissed without prejudice for lack of exhaustion. *See Allen v. Zavaras,* 568 F.3d 1197, 1202

(10th Cir. 2009)(affirming district court's *sua sponte* dismissal of habeas action for failure to

exhaust where nonexhaustion is "clear from the face of the petition"); *Bland v. Sirmons,* 459

F.3d 999, 1012 (10th Cir. 2006).

Section 2254(b) (1)(A) forbids a federal court from excusing the exhaustion requirement

unless the state's corrective process is incapable of protecting the rights of the applicant. In this

case, Mayfield has availed himself of New Mexico's corrective appellate process. Mayfield has

not, however, allowed the New Mexico appellate courts to complete that process. (Doc. 1 at 8-9,

Doc. 30 at 6-9; state court record in *State v. Mayfield,* No. D-202-CR-2012-02229). There is no

suggestion that New Mexico's process is not capable of protecting the rights of the Petitioner.

Mayfield, therefore, is not excused from the exhaustion doctrine and has not exhausted the

claims he seeks to raise before this Court. *See O'Sullivan v. Boerckel,* 526 U.S. at 845.

Where a habeas petitioner has not exhausted available state remedies, generally a federal

court should dismiss unexhausted claims without prejudice so that the petitioner is given the

opportunity to pursue available state-court remedies. *Demarest v. Price,* 130 F.3d 922, 939 (10th

Cir. 1997). Accordingly, the Court should dismiss this petition because it establishes that

Mayfield has not exhausted his state court remedies and, as a result, cannot obtain § 2254 relief.

*Rose v. Lundy,* 455 U.S. at 518. Mayfield's Petition does not meet the requirements necessary for

this Court to excuse the exhaustion doctrine and his Petition will be dismissed under § 2254(b)

(1)(A).

**IT IS ORDERED** that Petitioner Earl R. Mayfield's pending motions (Doc. 6, 9, 11, 16, 22, 24, 25, 28, and 30) are **DENIED** as moot and the Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** without prejudice for failure to exhaust state court remedies.

_____
UNITED STATES DISTRICT JUDGE